UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICKY WALKER,

                                                       Plaintiff,

-against-

THE CITY OF NEW YORK, DET. JOSEPH NICOLOSI,
DET. SHAWN RICKER, DET. JEREMY NATAL, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                                       Defendants.

------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

12 Civ. 5902 (PAC)

**JURY TRIAL DEMANDED**

Plaintiff RICKY WALKER, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RICKY WALKER is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of New York and the State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants DET. JOSEPH NICOLOSI, DET. SHAWN RICKER, DET. JEREMY NATAL, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On June 16, 2010, at approximately 5:30 p.m., plaintiff RICKY WALKER was in custody and in a cell at the 40th Precinct of the New York City Police Department, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff RICKY WALKER became involved in an altercation with another individual in the cell.

15. Members of the New York City Police Department entered the cell and removed the other individual.

16. As members of the New York City Police Department then entered the cell, plaintiff RICKY WALKER backed toward the wall and raised his arms above his head in the surrender position.

17. Despite being aware that plaintiff RICKY WALKER presented no threat, defendants DET. JOSEPH NICOLOSI, DET. SHAWN RICKER, and DET. JEREMY NATAL grabbed plaintiff's legs out from under him, hurling him to the ground.

18. With plaintiff RICKY WALKER helpless on the ground, defendants DET.

JOSEPH NICOLOSI, DET. SHAWN RICKER, and DET. JEREMY NATAL punched and kneed him repeatedly in the head.

19. Defendants summoned an ambulance and plaintiff RICKY WALKER was treated at the scene and also transported to the emergency room at Lincoln Hospital, where he was treated for the injuries that defendants had inflicted.

20. As a result of the unprovoked assault by defendants, plaintiff RICKY WALKER sustained, *inter alia*, a deep laceration near his eye and head injuries causing permanent dizziness and headaches.

21. Members of the New York City Police Department have a custom and practice of using excessive force after individuals are already in custody.

22. The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, as documented in, *inter alia*, the following civil rights actions filed against the City of New York:

- **Priscilla Colon v. City of New York,** United States District Court, Southern District of New York, 10 Civ. 4348;

- **Ribichay Khaimov v. City of New York,** United States District Court, Eastern District of New York, 08 CV 2748;

- **Norman Smith v. City of New York,** United States District Court, Southern District of New York, 08 Civ. 10425;

- **Danny Rodriguez and Jose Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0357;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Isaac Ovadiah v. City of New York,** United States District Court, Eastern District of New York, 03 CV 5762;

- **Maryanne Guckenberger v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 1561;

- **Jonathan Taylor v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 0403;

- **Jayro Guerrero v. City of New York,** Bronx Supreme Court, 303155/2012; and

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185.

23. This documented culture of violence within NYPD, in which excessive force against those already under arrest is both prevalent and acceptable, was a proximate cause of the actions of the defendant police officers and of plaintiff's damages.

24. As a result of the foregoing, plaintiff RICKY WALKER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff RICKY WALKER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff RICKY WALKER's constitutional rights.

33. As a result of the aforementioned conduct of defendants, plaintiff RICKY WALKER was subjected to excessive force and sustained physical injuries.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Each and every individual defendant had an affirmative duty to intervene on plaintiff RICKY WALKER's behalf to prevent the violation of his constitutional rights.

36. The individual defendants failed to intervene on plaintiff RICKY WALKER's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

37. As a result of the aforementioned conduct of the individual defendants, plaintiff RICKY WALKER's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force after individuals are already in custody.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RICKY WALKER.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RICKY WALKER as alleged herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff RICKY WALKER as alleged herein.

44. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RICKY

WALKER was unlawfully subjected to excessive force.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RICKY WALKER's constitutional rights.

46. All of the foregoing acts by defendants deprived plaintiff RICKY WALKER of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have cruel and unusual punishment imposed upon him; and

    C. To receive equal protection under the law.

47. As a result of the foregoing, plaintiff RICKY WALKER is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff RICKY WALKER demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
           May 13, 2013

                                                /s
                                          ROSE M. WEBER (RW 0515)
                                          225 Broadway, Suite 1607
                                          New York, NY 10007
                                          (212) 748-3355