UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICKY WALKER,

                                              Plaintiff,

            -against-

                                                                12 Civ. 5902 (PAC)

THE CITY OF NEW YORK, DET. JOSEPH NICOLOSI,
DET. SHAWN RICKER, DET. JEREMY NATAL, and
P.O.s  JOHN and JANE DOE #1-10,

                                             Defendants.

------------------------------------------------------------------------ x


**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S PARTIAL
<u>MOTION TO DISMISS THE COMPLAINT</u>**


                                                    Rose M. Weber
                                                    Attorney for Plaintiff
                                                    225 Broadway, Suite 1607
                                                    New York, NY 10007
                                                    (212) 748-3355

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICKY WALKER,

                                       Plaintiff,

               -against-

THE CITY OF NEW YORK, DET. JOSEPH NICOLOSI,
DET. SHAWN RICKER, DET. JEREMY NATAL, and
P.O.s  JOHN and JANE DOE #1-10,

                                     Defendants.

**MEMORANDUM OF LAW**

12 Civ. 5902 (PAC)

------------------------------------------------------------------------ x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Defendant City of New York has moved to dismiss plaintiff's municipal liability claim.  Plaintiff Ricky Walker respectfully submits this Memorandum of Law in opposition to defendant's motion on the ground that he has plausibly alleged that members of the New York City Police Department have a custom and practice of using excessive force after individuals are already in custody, which is all that is required under *Iqbal*/*Twombly*.

**ARGUMENT**

As an initial matter, defendant City seem to misunderstand plaintiff's *Monell* claim, which is simply that NYPD officers have a <u>custom or practice</u> of "using excessive force after individuals are already in custody." *See, e.g., Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and *practices so persistent and widespread as to practically have*

*the force of law*.") (emphasis supplied); *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) ("[A]n act performed pursuant to a custom that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."); *Gutierrez v. City of New York*, 756 F. Supp. 2d 491, 514 (S.D.N.Y. 2010) ("A plaintiff may establish a policy or practice by demonstrating that the actions of subordinate officers are sufficiently widespread to constitute the constructive acquiescence of senior policymakers.").

Obviously plaintiff does not allege that this species of excessive force is an official policy, which makes defendant's heavy reliance on *Missel v. County of Monroe* quite odd. *Missel*, 351 Fed. Appx. 543 (2d Cir. 2009), is an unpublished summary order affirming the dismissal of a case in which the plaintiff alleged that the individual defendant "acted pursuant to Monroe County policies of permitting deputies to publish false statements and targeting perceived pedophiles for harassment." *Id.* at 545 (emphasis supplied). Accordingly, defendant's citations to *Missel*, particularly on page 4 (in regard to what a plaintiff must allege in order to show a municipal policy), are entirely inapposite.

Equally odd is defendant's citation to *Trinidad v. City of New York*, No. 06 CV 3002, 2006 U.S. Dist. LEXIS 51776 (E.D.N.Y. Jul. 7, 2006). Of course defendant is correct that a single incident is insufficient to establish *Monell* liability. Plaintiff herein, however, has alleged a widespread pattern of similar incidents and does not rely on the single incident in which he was involved. In fact, at paragraph 22 of the Second Amended Complaint ("SAC"), plaintiff names ten other lawsuits in which similar allegations were made.[1]

---

[1] Obviously, plaintiff could have referenced many more lawsuits with similar allegations, but this seemed unwieldy and unnecessary, particularly in light of *Fiacco v. City of Rensselaer*, 783 F.2d Continued…

Which brings us to the heart of defendant's argument, which seems to be that "plaintiff has failed to set forth any factual allegation[s] whatsoever" in support of his *Monell* claim.  (Def. Mem. at 5.)  Defendant can have arrived at this conclusion only by ignoring the clear words of the SAC and instead substituting its own incorrect reading – that plaintiff is relying on the fact that the other cases settled to support his claim, rather than on the facts <u>underlying</u> each case.

When read correctly, the SAC indisputably states a plausible claim for pattern and practice *Monell* liability.  By its very terms, the SAC does not rely upon the mere <u>existence</u> or <u>settlement</u> of the other cases, but rather upon the <u>facts</u> asserted in those cases.[2]  ("The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, <u>as documented in</u>, *inter alia*, the following civil rights actions filed against the City of New York.") (emphasis supplied).

The fact that the allegations in the other lawsuits are allegedly "unsubstantiated" is neither here nor there at this stage of the litigation.  In order to prove up his *Monell* claim, plaintiff intends to call at trial each of the other plaintiffs, and likely other plaintiffs whose

---

319 (2d Cir. 1986), which held that seven claims against a municipality over a five-year period can constitute sufficient evidence of a pattern of misconduct.  *See also Ferrari v. County of Suffolk*, 790 F. Supp. 2d 34, 46 (E.D.N.Y. 2011) ("Three instances (including Plaintiff's own claim) might not suffice to overcome summary judgment.  But, at this stage, they do permit a plausible inference of a widespread practice or informal custom within Suffolk County.").  Furthermore and very importantly, plaintiff has not yet had the benefit of *Monell* discovery, which will no doubt unearth dozens and perhaps hundreds or thousands of cases of similar misconduct.

[2] For instance, plaintiff relies upon the <u>fact</u> that Ribichay Khaimov's jaw was broken and his teeth knocked out while he was in handcuffs at the 107th Precinct, the <u>fact</u> that that Norman Smith's nose and ankle were broken while he was in handcuffs at the Midtown South Precinct, the <u>fact</u> that Jose Rodriguez required more than twenty sutures to close the facial injuries that officers from the 34th Precinct inflicted after Mr. Rodriguez was handcuffed, and so forth.

identities will be disclosed during *Monell* discovery, and it will be up to the jury to determine whether NYPD does, in fact, have a pattern or custom of assaulting individuals who have already been taken into custody.

Because of its faulty assumption that plaintiff is relying upon the mere existence of, or the settlements in, the other cases (rather than upon the facts of the cases), all of defendant City's legal citations are inapposite. In *Gutierrez v. City of New York*, 756 F. Supp. 2d 491, 514 (S.D.N.Y. 2010), the plaintiff relied upon nothing but a single consent decree and the fact that the individual defendant had been sued in the past. *Id.* at 514. In *Rasmussen v. City of New York*, 766 F. Supp. 2d 399 (E.D.N.Y. 2011), the plaintiffs (in addition to bringing a wildly overbroad *Monell* claim, *i.e.*, that NYPD "purposely ignores violations of individuals' constitutional rights"), apparently relied simply upon the existence of other complaints and not upon their underlying facts. *Id.* at 408-10.

*Collins v. City of New York*, No. 11 CV 766, 2013 WL 563436 (E.D.N.Y. Feb 15, 2013), was a "failure to train" case, which is a different type of *Monell* liability than is alleged in the instant matter. In a failure-to-train case, the plaintiff must prove, *inter alia*, that "a policymaker knows to a moral certainty that her employees will confront a given situation." *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992). Given that high standard, it is small wonder that a "litany of other police-misconduct cases" would not be considered adequate evidence in a failure-to-train case, which is not the type of case currently at bar.

In *Rodriguez v. Patricio*, 11 Civ. 0515, the plaintiff did not identify in the complaint any "other incidents where illegal strip-searches were conducted." (March 15, 2013 Memorandum & Order.) Even in her motion papers (which it appears that Judge Carter would have credited), the plaintiff referenced in the vaguest possible terms "similar complaints by this

4

office alone." (Pl. Mem. at 11, 14.) Again, small wonder that the Court found that the plaintiff had not adequately pled a *Monell* claim.[3]

In sum, defendant City has failed to cite to a single case supporting the proposition that a "widespread custom"-type of *Monell* claim cannot survive a motion to dismiss by relying on the facts of numerous other similar cases. There is, moreover, case law directly contradicting defendant's position. *See, e.g., Brown v. City of New York*, No. 08–CV–5095, 2013 WL 1338785, at *7 (E.D.N.Y. Apr. 1, 2013) (finding plaintiff's citation to "seven settled cases and a statement by a police spokesperson" sufficient to survive a motion to dismiss); *Castilla v. City of New York*, No. 09 Civ. 5446, 2012 WL 3871517, at *5 (S.D.N.Y. Sept. 6, 2012) (denying dismissal of *Monell* claim because plaintiff "alleges various other instances of male police officers taking sexual advantage of females under their custody or control"); *cf. Widget v. Town of Poughkeepsie*, No. 12 Civ. 3459, 2013 WL 1104273, at *11 (S.D.N.Y. Mar. 18, 2013) (dismissing *Monell* claim because "Plaintiff does not allege similar incidents.").

## **CONCLUSION**

Plaintiff having pointed to ten other instances of similar misconduct, it cannot be said that he has failed to allege, at least for purposes of surviving a motion to dismiss and obtaining necessary discovery, that NYPD has a pattern and practice of using excessive force after individuals are already in custody. For the reasons set forth above, plaintiff respectfully

---

[3] To the extent that the opinion may be read as making the blanket statement that a plaintiff can never rely upon unsubstantiated allegations (which I do not read the opinion to state), it is worth noting that the only case upon which *Rodriguez* relies (*Marcel v. City of New York*, No. 88 Civ. 7017, 1990 WL 47689 (S.D.N.Y. Apr. 10, 1990)) was not only a failure-to-train case, but also involved only a single CCRB complaint. *Marcel*, 1990 WL 47689 at *9.

requests that the Court deny defendant City of New York's motion and instead direct defendant to provide *Monell* discovery.

Dated:    New York, New York
          August 12, 2013

                                        ROSE M. WEBER
                                        Attorney for Plaintiff
                                        225 Broadway, Suite 1607
                                        New York, NY 10007
                                        (212) 748-3355

By:             /s           
       ROSE M. WEBER (RW 0515)